# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROY NEAL MILES,<br><br>　　　　Defendant. | No. CR09-0014<br><br>ORDER FOR DETENTION |

On the 3rd day of June, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Marti Sue Sleister. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On March 18, 2009, Defendant Roy Neal Miles was charged by Indictment (docket number 1) with two counts of distributing and aiding and abetting the distribution of cocaine base near a protected location (Counts 1 and 2), two counts of distribution of cocaine base near a protected location (Counts 5 and 6), and one count of conspiracy to distribute cocaine base (Count 7). At his arraignment on June 1, 2009, Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on July 27, 2009.

The Government did not offer any evidence regarding the underlying charges to support its request that Defendant be detained prior to trial. Instead, the Government relies on the rebuttable presumption found in 18 U.S.C. § 3142(e), and the information set forth in the pretrial services report.

1

According to the pretrial services report, Defendant is 43 years old and has lived in this community for approximately ten years. Defendant is married, but has been separated from his wife since September 2006. Defendant's wife and their three children now live in Tennessee. Defendant also has two children from two prior relationships, who live with their mothers in Davenport and Iowa City. Prior to his arrest, Defendant was living with his cousin in Cedar Rapids.

Defendant was expelled from high school for fighting, but obtained a GED while in jail. Since April 7, 2009, Defendant has been employed by the Emergency Public Jobs program. Prior to that, Defendant worked from January 2008 to August 2008 through an employment agency. Prior to that, Defendant last worked in 2003. Defendant does not have any significant medical problems or any history of mental health problems. Defendant told the pretrial services officer that he has smoked marijuana on a regular basis since age 15, and last smoked on May 28, 2009.

Defendant has an extensive prior criminal record. In July 1984, Defendant was placed on probation following a burglary conviction. In January 1985, while on probation, Defendant was charged with home invasion, armed robbery, and with a residential burglary. Defendant pleaded guilty to home invasion and was sentenced in May 1985 to six years in prison. He was paroled in February 1988. In May 1989, however, Defendant was convicted of unlawful possession of a controlled substance, his parole was revoked, and he was returned to prison in December 1989. He was paroled again in January 1990.

In May 1990, Defendant returned to prison on a new charge of unauthorized possession of a controlled substance. Defendant was paroled in December 1990. In June 1991, however, Defendant was arrested and again charged with unlawful delivery of a controlled substance. In February 1992, Defendant received a 10-year prison term. Defendant was paroled in November 1995.

In July 1997, while on parole, Defendant was convicted of domestic battery. In December 1997, Defendant was charged in Linn County, Iowa, with domestic abuse

assault and, according to the pretrial services report, failed to appear on two occasions before the case was finally dismissed. In January 1998, Defendant was arrested and later convicted of battery in Rock Island County, Illinois. According to the pretrial services report, Defendant was convicted in September 1998 of possession of a controlled substance, although Defendant proffered at the time of hearing that he had no recollection of that charge and believed that it involved someone else.

Since 1998, Defendant's only convictions are for interference with official acts, public intoxication, and two charges of driving while suspended. However, three days prior to the instant hearing, Defendant was arrested in Linn County and charged with possession of a controlled substance.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the

community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with two counts of distributing and aiding and abetting the distribution of cocaine base near a protected location (Counts 1 and 2), two counts of distribution of cocaine base near a protected location (Counts 5 and 6), and one count of conspiracy to distribute cocaine base (Count 7), which are offenses found in § 3142(f)(1). The Government also alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with five serious drug offenses. The Government did not offer any evidence regarding the charges, however, and therefore the Court is unable to determine the "weight of the evidence." Defendant does not have any significant physical or mental health conditions, although he admits using marijuana on a long-term regular basis. Defendant had been working for approximately eight weeks prior to his arrest and apparently worked for approximately eight months in 2008. While Defendant has lived in Cedar Rapids for a substantial period of time, his wife and three children have now moved out of state. Defendant has a substantial criminal record, including three separate prison terms. Defendant has at least two convictions for domestic battery and three prior felony drug convictions. Defendant failed to appear in Linn County on two occasions in 1998 on a charge of domestic abuse assault.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose

a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (June 1, 2009) to the filing of this Ruling (June 3, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 3rd day of June, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA